UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10466-RGS

MICHAEL J. TERSIGNI

v.

WYETH-AYERST PHARMACEUTICALS, INC., et al.

MEMORANDUM AND ORDER ON DEFENDANTS' RENEWED MOTION
FOR SUMMARY JUDGMENT

June 25, 2014

STEARNS, J.

Plaintiff Tersigni has agreed that this case is essentially a negligence action. For this reason, and for the benefit of jury comprehension, the case to be tried will be narrowed to Count III, and the court will dismiss Counts I, II, IV, V, VI. Count VII, the Chapter 93A claim, will be reserved for the court. (The court notes that defendant Wyeth has withdrawn its motion to dismiss Count VII, reserving the right to seek dismissal of this count at the conclusion of plaintiff's case-in-chief).

Tersigni nevertheless maintains that the action should *not* be limited to a "failure to warn" theory of negligence, but should also be construed to allow a "failure to discontinue marketing" theory of liability. Counsel for Wyeth correctly pointed out at the June 24 hearing that such a theory is

simply an attempt at a "backdoor" resuscitation of the dismissed Count I, and is contrary to Massachusetts case law adopting comment k of Restatement (Second) of Torts § 402A (1965) – involving unavoidably unsafe products, such as prescription drugs. Comment k states, in relevant part, that,

> [t]here are some products which, in the present state of human knowledge, are quite incapable of being made safe for their intended and ordinary use. These are especially common in the field of drugs . . . . Such a product, properly prepared, and accompanied by proper directions and warning, is not defective, nor is it *unreasonably* dangerous. . . . The seller of such products, again with the qualification that they are properly prepared and marketed, and proper warning is given, where the situation calls for it, is not to be held to strict liability for unfortunate consequences attending their use, merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk.

RESTATEMENT (SECOND) OF TORTS § 402A cmt. k (1965).

Massachusetts court decisions have consistently hewed to the letter of comment k. *See, e.g., Vassallo v. Baxter Healthcare Corp.,* 428 Mass. 1, 22 (1998) (stating that "liability under the implied warranty of merchantability in Massachusetts is congruent in nearly all respects with the principles expressed in Restatement (Second) of Torts § 402A") (citation and internal quotation marks omitted); *see also Payton v. Abbott Labs,* 386 Mass. 540, 573 (1982) (citing comment k as consistent with public policy); *cf. Lareau*

*v. Page,* 840 F. Supp. 920, 933 (D. Mass. 1993) ("There are some products, especially drugs, which are quite incapable of being made safe for their intended and ordinary use, and yet the marketing and use of which is justified because they may avert an otherwise inevitable death. Such a drug, properly prepared, and *accompanied by proper directions and warnings,* is not defective, nor is it unreasonably dangerous.") (emphasis added).

While Tersigni points to a recent decision of the Pennsylvania Supreme Court, *Lance v. Wyeth*, 2014 Pa. LEXIS 205 (Pa. Jan. 21, 2014), which adopts a position that is similar, though not altogether identical, to the theory advanced by plaintiff here, "a federal court sitting in diversity jurisdiction and called upon in that role to apply state law is absolutely bound by a current interpretation of that law formulated by the state's highest tribunal." *Daigle v. Maine Med. Ctr., Inc.,* 14 F.3d 684, 689 (1st Cir. 1994). "[L]itigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed." *Ryan v. Royal Ins. Co. of Am.*, 916 F.2d 731, 744 (1st Cir. 1990); *see also Federico v. Order of St. Benedict in Rhode Island,* 64 F.3d 1 (1st Cir. 1995) (same). Because this court is bound by Massachusetts law as declared by the Supreme Judicial Court, it declines to depart from

adherence to comment k,[1] consistent with the rulings of other courts in this district. *See, e.g., Sprague v. Upjohn Co.*, 1995 WL 376934 (D. Mass. May 10, 1994) (noting that "as a matter of law [a] claim of negligent design must be dismissed" with regard to a prescription drug, because while a court may review the way in which a drug "was marketed to [a] user [and may] evaluate any alleged harm derived therefrom," the question of "whether it was unreasonable to market the drug at all" is "improper").

                SO ORDERED.

                /s/ Richard G. Stearns
                UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff states that allowing a claim of "failure to withdraw from the market" would not be inconsistent with comment k because it is now undisputed that the risks of Pondimin *do* outweigh any possible benefits, unlike the examples referred to in comment k – Pondimin was indeed withdrawn from the market and has been subject to an FDA ban. If anything, this fact simply supports the exclusion of a "failure to withdraw from market" theory from the court's purview, as it would usurp the role of the FDA as the preeminent agency regulating the prescription drug market.